THE STATE v. TOM JOHNSON, Appellant.—300 S. W. 702.

Division Two, December 12, 1927.

*J. E. Duncan* for appellant.

598

*North T. Gentry*, Attorney-General, and *A. B. Lovan*, Assistant Attorney-General, for respondent,

600

BLAIR, J.—Appellant was convicted of felonious assault in Pemiscot County. The jury assessed his punishment at imprisonment in the State Penitentiary for a term of two years. An appeal was granted to this court from the judgment entered on the verdict. Through mistake of the clerk of the trial court, the transcript, including the bill of exceptions, was sent to the Springfield Court of Appeals. Upon discovering the error, that court ordered the case transferred to this court.

Respondent has filed a motion to dismiss the appeal and the disposition of this motion is the first matter for consideration. The ground of the motion is that the appellant did not perfect his appeal within twelve months. An examination of the record discloses that the order granting the appeal was made November 20, 1925. The transcript was lodged in the Poplar Bluff office of the Springfield Court of Appeals on November 22, 1926. Hence, it appears that even if the clerk of the trial court had not sent the transcript to the Springfield Court of Appeals by mistake, it probably could not have reached this court earlier than November 22, 1926. The transcript finally reached this court in February, 1927.

In opposition to the motion to dismiss his appeal, appellant has filed his affidavit. From this it appears that, on January 13, 1926, or less than two months after the appeal was granted, appellant paid to his trial attorney the sum of $14.50 to cover the cost of the tran-

script and the $10 Supreme Court docket fee. The receipt of his attorney covering such items is attached to the affidavit. It further appears that appellant was advised by his attorney that he would take care of the case and would inform appellant when the case was docketed for hearing in the Supreme Court.

In October, 1926, appellant learned that his attorney had removed from Caruthersville and upon investigation found that said attorney had not perfected his appeal. He at once employed other counsel and the transcript was prepared as speedily as possible thereafter and sent to the trial judge for approval and signature. The same was approved and signed and was thereafter filed in the office of the clerk of the circuit court on November 13, 1926. There is no showing as to the date when the clerk of the circuit court erroneously sent the transcript to the Springfield Court of Appeals.

The right of the State to have an appeal in a felony case dismissed, if the appellant fails to perfect his appeal within twelve months (Sec. 4107, R. S. 1919), is not an absolute right. The appeal shall be dismissed upon motion of the Attorney-General "unless the defendant shall show to the satisfaction of the court good cause for not perfecting his appeal." We are mindful of those cases wherein we have held it to be the duty of the appellant to see that the clerk actually files the transcript in felony (other than death) cases. In such cases the appellant was usually guilty of neglecting his own duty and trusted to the clerk to perform his duty for him.

In this case the appellant early evinced an honest intention to perfect his appeal. He paid out docket fee and the costs of the transcript to his attorney who promised to perfect the appeal. On learning, in October, 1926, of the removal from Caruthersville of the attorney in whom he had thus relied, appellant immediately procured other counsel and (presumably) again paid the docket fee and the cost of the transcript and had the bill of exceptions prepared and presented to the trial judge and actually filed same in the office of the clerk of the circuit court a week before the year for perfecting his appeal had expired.

Even though appellant may technically be regarded as responsible for the failure of the clerk to send the transcript here promptly, we are satisfied from the showing made by appellant as to his own good faith and his bona-fide efforts to perfect his appeal and are also satisfied that such showing constitutes "good cause for not perfecting his appeal" within twelve months. The motion to dismiss the appeal is overruled.

The evidence offered by the State tended to prove the following facts: On the afternoon of January 14, 1925, appellant and his wife, Carrie Johnson, named in the information as the victim of appel-

lant's assault, were in a gasoline motor boat at the bank of the Mississippi River near and above Caruthersville, when appellant was seen by witness Wiseman to assault and beat his wife. She was lying or reclining in greasy, muddy water in the bottom of the boat. Wiseman saw appellant slap his wife several times on the face and head. He also saw him strike her with his fist. She appeared to be "pretty lifeless" at the time. Appellant also "kinda stamped her, something like that—(indicating)— in the side." She merely grunted. This witness testified that appellant was sitting on the side of the boat at the time.

The city marshal, John Hosler, was called to the scene of the assault. At the trial he testified that he saw appellant strike his wife once with his open hand or fist as he came up. There was evidence tending to show that Mrs. Johnson was bruised and bleeding and that her eyes were black and swollen. A physician, who attended her and who was called as a witness by the defense, testified that she was suffering from "pleuritis—inflammation of the plural cavity, or acute cold, I have forgotten—don't remember exactly but I know she was suffering from her side." On cross-examination the doctor admitted that the condition of Mrs. Johnson might have been caused "by or from a lick or injury to the side."

The State's evidence tended to prove that appellant was drunk at the time. There were three young hogs tied up in the boat. Appellant had a farm on an island in the Mississippi River and he had brought the shoats to town to sell them. In rebuttal the State was permitted to show that several jugs, containing whiskey, were taken from the boat by appellant and his nephew and carried to appellant's house, where they were afterwards found upon a search made under the authority of a search warrant.

Appellant took the witness stand and denied striking his wife. She does not appear to have filed any complaint and testified in behalf of appellant at the trial. She denied that appellant struck her. Both of them accounted for the wet condition of her clothing by saying that it was due to spray from the waves raised by the wind and dashed into the boat. Appellant accounted for the injured condition of his wife by saying that one of the shoats had gotten loose and had run over her when he was trying to catch it to tie it up again. In rebuttal the State was permitted to show statements made by Mrs. Johnson after she was taken from the boat, which tended to contradict her testimony that appellant did not assault her. The State was permitted, without objection, to show that the witness Wiseman bore a good reputation for truth and veracity.

The evidence made a clear case of common assault, at least, and the trial court very properly refused the peremptory instruction requiring acquittal, offered at the close of the State's case and at the close of all the evidence.

Omitting formal parts, the information charged that "one Tom Johnson, then and there being, did then and there, in and upon one Carrie Johnson, unlawfully, feloniously on purpose and of his malice aforethought make an assault, and with his hands, fists and feet, with great force and violence did strike, beat and stamp the prostrate body of her the said Carrie Johnson, in a way, manner and by means and force likely to produce death or great bodily harm to her, the said Carrie Johnson, on purpose and of his malice aforethough (t) to kill and murder."

The pleader attempted to charge an offense under Section 3262, Revised Statutes 1919. While rather awkwardly drawn and not to be commended as an example of good pleading, we think the information sufficiently charged all the elements of the offense under Section 3262. It charged that the assault was on purpose and of appellant's malice aforethought and by a means likely to produce death or great bodily harm, "with his hands, fists and feet, with great force and violence." That the assault was made "with intent to kill" is very unartfully charged. It had previously been alleged that the assault was made on purpose and with malice aforethought. Later it was alleged that the assault was "on purpose and of his malice aforethough (t) to kill and murder." An allegation that an assault was made on purpose and with malice aforethought to kill sufficiently alleges that the assault was made with intent to kill. This was at most a defective allegation which did not tend to prejudice the substantial rights of appellant upon the merits and the information was good after verdict, under the saving grace of Section 3908, Revised Statutes 1919.

As the information sufficiently charged an assault with intent to kill under Section 3262, the trial court was authorized if the evidence warranted it, in giving an instruction under Section 3263, which defines the crime of assault with intent to kill or do great bodily harm. [Sec. 3692, R. S. 1919.] Section 3263 does not involve the elements of malice aforethought or the use of a deadly weapon or by means or force likely to produce death or great bodily harm.

The court did not instruct under Section 3262, but gave instructions upon felonious assault with intent to do great bodily harm, under Section 3263, and upon common assault. The correctness of the instructions generally is not before us, except in two particulars, because Assignment No. 2 in the motion for new trial is too general to comply with Section 4079, Laws of 1925, page 198. [State v. Standifer, 289 S. W. 865.] But Assignment No. 5 assigns error in Instruction No. 1, because it assumes that the hands and feet of defendant were deadly weapons and Assignment No. 7 assails said Instruction No. 1 because it is not responsive to the charge contained in the in-

formation and improperly authorizes a conviction under a section of the statute other than Section 3262.

The last assignment has no merit, because Section 3692 expressly authorizes conviction for any degree of the offense included in or lower than the offense charged. The instruction does not assume that appellant's hands and feet constituted deadly weapons. Section 3263 does not require that the assault should be committed with a deadly weapon. The essence of the crime defined by Section 3263 is an assault with intent to kill or do great bodily harm. The means by which such assault is committed is not specified. Instruction No. 1 is not subject to the criticism made of it.

Assignment No. 1 of the motion for new trial challenged the sufficiency of the evidence to support the verdict. The trial court properly refused to sustain a demurrer to the evidence because, as we have already shown, there was at least sufficient evidence to support a verdict of guilt of common assault. But that does not mean that the evidence was sufficient to support the verdict of guilty of felonious assault, found by the jury.

All of the evidence concerning the use by appellant of his feet in assaulting his wife is that he "kinda stamped her" and that she grunted. The impression made by the testimony of the witnesses is that appellant was too intoxicated to perpetrate, or to have any serious intention to perpetrate, an assault which would endanger the life of his wife. He possibly did stamp her in the side and cause an injury which induced pleuritis, but an injury which would endanger her life could scarcely have been inflicted upon his wife when appellant was sitting down, as witness Wiseman testified, and "kinda stamped her." There is no evidence as to the amount of force then used, nor does it appear what portion of Mrs. Johnson's side was stamped by appellant's feet. It is not even shown that appellant wore shoes on his feet. That, however may be inferred from the fact that the assault occurred in January. So far as the record discloses, his shoes, if he wore any, may have been old, soft, worn out shoes. There is not a word of testimony from which the jury might have found that the stamping by appellant was with such force and delivered by shoes of such weight and character as to make great bodily harm likely from their use in that manner and to authorize the finding of an intent on appellant's part to do great bodily harm to his wife.

It may be conceded that a felonious assault, even under Section 3262, could be committed by a strong man viciously kicking another in the head or in some vital part of the body with feet encased in heavy shoes or boots. But the evidence here falls far short of proving a felonious assault, even under Section 3263. Assaulting a woman by slapping her and hitting her with the fists, and even stamping

her with the feet while the assailant is in a sitting position, without a showing of other facts, cannot be said to be an assault with intent to kill or do great bodily harm.

The evidence here merely tends to show that appellant administered a severe and brutal beating to his wife. There was no evidence in the record, which was admissible for that purpose, to show any expressed intention on appellant's part to do his wife any great bodily harm. Nor do the surrounding facts and circumstances indicate this.

Appellant's act in assaulting and beating his wife, if the jury believed him guilty of so doing, deserved the severest punishment as a vicious and inexcusable common assault. But we think the proof is not sufficient to justify, and the jury was not warranted in returning, a verdict of guilty of felonious assault under Section 3263. This failure of the proof to support the verdict rendered requires a reversal of the judgment.

The court also erred in admitting proof tending to show that appellant was guilty of possessing and transporting intoxicating liquor. Those were separate and distinct offenses. Citation of authorities to show that such evidence is inadmissible is unnecessary. The learned Attorney-General concedes that it was error to admit proof that appellant committed another and distinct crime, but argues that the error was harmless under the circumstances of this case. As we understand the contention, it is that, since the proof that appellant was drunk at the time of the assault went into the record without objection, he was not prejudiced by the subsequent showing that he had and carried with him the means of getting and staying drunk. That argument might be well enough if the possession of the liquor and its transportation were not separate and distinct crimes. The error was not harmless.

For the errors pointed out, the judgment should be reversed and the cause remanded for retrial. It is so ordered. All concur.