**STATE of Missouri, Respondent,**

v.

**Edward Roy HOLMES, Appellant.**

No. 49445.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1963.

538

Charles M. Shaw, Clayton, for appellant.

Thomas F. Eagleton, Atty. Gen., James P. Jouras, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

ELMO B. HUNTER, Special Judge.

On January 5, 1962, there was filed in the Circuit Court of St. Charles County, Missouri, an information charging defendant, Edward Roy Holmes, with the crime of felonious assault. Thereafter, the cause was tried, and the jury returned a verdict finding defendant guilty as charged and assessed his punishment at three months in the county jail together with a fine of $500.00. After an unsuccessful motion for new trial and allocution, defendant has appealed from the resultant judgment.

■ Although the defendant was represented by counsel at every stage of the proceedings in the circuit court, he has not favored this court with a brief. The case is before us on the transcript of the record on appeal and a brief filed by the State. Our duty is to review the valid assignments of error set forth in the motion for new trial (S.Ct. Rule 27.20), and the portions of the record required by S.Ct. Rules 28.02 and 28.08, V.A.M.R.

A brief statement of the evidence is essential to an understanding of certain assignments of error contained in the motion for new trial, two of which being that the state did not present evidence sufficient to sustain the charge of felonious assault, and that at best the evidence tended only to support a charge of common assault.

William A. Solomon, the complaining witness, left his place of employment at McDonnell Aircraft Company in St. Louis about midnight on May 11, 1961, and drove toward his home near Harvester, Missouri. He stopped for a sandwich and a beer at a supper club in St. Charles, and then continued toward his home. When he was about four miles from Harvester, his automobile was passed by a Cadillac, driven by defendant, which then continued on down the highway. Solomon continued along behind the Cadillac until he reached Caulks Hill Road, where he turned left onto that road. An IGA supermarket is located at the intersection.

Mr. Solomon testified that as he drove past the store, the Cadillac, which had turned around and was following him, came alongside the left side of his car, turned into and struck it, and forced it into a ditch along the right side of the road. Solomon got his automobile back on the road in a diagonal position and the left side of his automobile was then struck broadside by the Cadillac, damaging both left side doors so as to render them inoperable, and resulting in other substantial damage to the car.

Mr. Solomon got out of his car from the right front door and walked over to defendant's car to speak to him. The defendant with his fist struck Solomon in the mouth knocking him down into a wet ditch on the left side of the road. The defendant then proceeded to kick and stomp the head, arms and body of Solomon, causing injury to his lip and mouth especially. The defendant wore cowboy boots, and boot heel marks and bruises were made on Solomon's arms, chest and back. Solomon, who offered no resistance other than trying to protect his face with his arms, screamed for help. The defendant stopped his beating when other persons arrived on the scene.

The above summary of the occurrence is taken principally from the testimony of the prosecuting witness. In the main it is corroborated by the testimony of other witnesses, and to a limited extent by defendant himself who admitted he had struck and kicked Mr. Solomon at the scene of the impact of the two cars.

■ The well-established rule is that the court will look to and accept as true the evidence most favorable to the State, including the reasonable inferences to be drawn therefrom, in determining the question of the sufficiency of the evidence to support the jury verdict of guilt and the judgment.

■ To support a conviction for the crime charged, the evidence including permissible inferences therefrom must show

an unlawful assault on a particular person with intent to do great bodily harm. Section 559.190 RSMo 1959, V.A.M.S.; State v. Rose, Mo.Sup., 346 S.W.2d 54, 56. Since the crime charged is assault "with intent to do great bodily harm," the intent to do great bodily harm must be present at the time of the act of assault.

Here, the evidence most favorable to the State clearly shows that defendant intentionally ran his automobile into the side of the automobile being driven by Solomon forcing it into the nearby ditch; that when Solomon drove his automobile out from the ditch the defendant again and with considerable force deliberately drove his car into the driver's side of Solomon's car, extensively damaging it and causing it to skid and be pushed sideways for a considerable distance.

An automobile is an instrumentality capable of doing great bodily harm when improperly employed. State v. Garner, 360 Mo. 50, 226 S.W.2d 604, 607. The evidence is such as to permit the jury to find that in the heat of anger the defendant in twice causing his automobile to strike that occupied by Solomon did so intending to inflict great bodily harm to Solomon. The fact that such was defendant's intention in doing what he did is further supported by the evidence that he continued his assault upon Solomon by brutally beating and kicking him. We find no merit in defendant's contentions concerning the insufficiency of the evidence to support the conviction.

Section 559.220, RSMo 1959, V.A.M.S., in setting forth the elements of the crime of common assault provides it occurs when a person assaults, beats or wounds another "under such circumstances as not to constitute any other offense herein defined." Since there was another offense, felonious assault, that was charged, supported by the evidence and found by the jury, defendant's contention that the evidence at best supports a charge of common assault lacks merit.

The defendant's next contention of error in his motion for a new trial is that Instruction No. 2 failed to instruct the jury that they could find defendant guilty of a felonious assault only if they found that *at the time* he drove the automobile into the side of the automobile occupied by Solomon *he then and there intended to do great bodily harm.* Instruction No. 2 required the jury to find beyond a reasonable doubt that defendant on May 11, 1961, in St. Charles County, Missouri, "did wilfully, unlawfully and feloniously *make an assault with intent to do great bodily harm* in and upon the body and person of William A. Solomon, *by then and there* driving an automobile into the side of the automobile in which the said William A. Solomon was an occupant and driver, with such means and force as likely to produce great bodily harm * * *." (Emphasis ours.) A fair reading of this instruction persuades that it does require a finding that at the time of the act of assault defendant had the requisite intent to do great bodily harm, and defendant's contention to the contrary is not sound.

The next allegation of error in the motion for a new trial is that Instruction No. 7 in effect is an instruction on circumstantial evidence and that a circumstantial evidence instruction is not warranted. The questioned portion of Instruction No. 7 reads, "The court instructs the jury that the intent with which an act is done may be proved by direct and positive evidence, or it may be inferred from all the facts and circumstances surrounding and attending the act and must be determined by the jury from the evidence given in the case." As earlier noted, intent to do great bodily harm is an essential element of the offense charged. Intent is a state of mind. It may and generally must be established by circumstantial evidence for seldom is it susceptible of direct proof. State v. Chevlin, Mo.Sup., 284 S.W.2d 563. Instruction No. 7 was first approved in 1887 in State v. Brooks, 92 Mo. 542, 5 S.W. 257, and is a

proper instruction in this case. The jury was entitled to infer from the evidence concerning defendant's conduct and statements that he intended to do great bodily harm to Solomon by driving his automobile into that occupied by Solomon.

■ Complaint is also made of the trial court's failure to instruct the jury on a definition of intent. The rule is that words in common use need not be defined for the jury. State v. Gridley, Mo.Sup., 353 S.W.2d 705. "Intent" is such a word, and we are satisfied that the jury understood its plain and ordinary meaning.

■ Instruction No. 8 is the presumption of innocence instruction, and defendant contends it is improper because it fails to tell the jury what is reasonable doubt, although it does state what is not a reasonable doubt. The instruction reads: "The Court instructs the jury that the defendant is presumed innocent of the offense charged; that before the jury can convict him, the State must overcome that presumption by proving his guilt beyond a reasonable doubt. If the jury have a reasonable doubt of the defendant's guilt, they must acquit him, but a doubt to authorize an acquittal should be a substantial doubt arising from the evidence in the case and not a mere possibility of the defendant's innocence." This instruction has been approved many times by this court. See, State v. Cox, Mo.Sup., 352 S.W.2d 665, 675; State v. Cheatham, Mo.Sup., 340 S.W.2d 16, 20; State v. Burnett, 365 Mo. 1060, 293 S.W.2d 335, 343. The fact that the instruction contains an admonition that the doubt authorizing acquittal must be a substantial one and not a mere possibility of innocence does not make it erroneous. See, State v. Abbott, Mo.Sup., 245 S.W.2d 876, 880.

■ The final contention is that the trial court erred in permitting the State to offer as rebuttal evidence the testimony of witness King for the reason it should have been used in the State's case-in-chief and is improper rebuttal testimony. Only three questions were asked the witness; namely, (1) whether he was behind the Solomon car from the time defendant passed the Solomon car until they reached Harvester; (2) whether he could see the Solomon car all of that distance, and (3) whether the Solomon car was weaving on the road. The first two questions are merely of a qualifying nature, and were asked to show that the witness was present and able to see what occurred. The question they were leading to was whether the Solomon car was weaving on the road. This was a proper question for rebuttal use, for after the State's case-in-chief, the defendant for the first time claimed and testified that Solomon's car was weaving on the highway and that this was why defendant acted as he did. This was a new issue, injected by the defendant, and was a proper subject for rebuttal testimony. See, 23 C.J.S. Criminal Law § 1050, page 1208; State v. Feltrop, Mo.Sup., 343 S.W.2d 36, 38.

In addition to our consideration of all the specifications of error contained in the motion for new trial we have also examined the parts of the record and entries designated in S.Ct. Rules 28.02 and 28.08 and find them to be in proper form and free from error.

Accordingly, the judgment is affirmed.

All concur.