**STATE of Missouri, Respondent,**

v.

**Robert MATHIS, Appellant.**

No. 53074.

Supreme Court of Missouri, Division No. 2.

May 13, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Timothy G. Noble, St. Louis, for respondent.

Dempster, Edwards & Robison, by James R. Robison, Sikeston, for appellant.

STOCKARD, Commissioner.

Defendant was found guilty by a jury of a felonious assault with malice aforethought upon his wife with intent to do great bodily harm, and was sentenced to imprisonment for a term of two years. He has appealed from the ensuing judgment.

Defendant first contends that the trial court erred in denying his motion for judgment for acquittal because "there was no evidence that a dangerous weapon was used or that any great bodily harm was either intended or resulted."

Carolyn Sue Mathis, the victim of the assault, did not testify. At the time of trial she was in the State of Indiana. From the evidence a jury reasonably could find the following facts.

On March 8, 1966, about eight o'clock in the morning Mrs. Clara Wright brought Carolyn Sue and her baby to her home in Sikeston, Missouri. Later that morning Mrs. Wright called Mrs. Bessie Mathis, defendant's mother, and told her that she wanted to get some money from defendant to obtain some milk for the baby. Shortly before noon defendant went to Mrs. Wright's home and told Carolyn Sue that he had come to get their baby, but Carolyn Sue said he could not take him away. At the time defendant was "staggering" and was "drunk." Mrs. Wright told him to leave the baby alone. Defendant said, "Well, all right." He then started cursing and "blackguarding" Carolyn Sue, and Mrs. Wright asked him to leave the house, but he paid no attention to her.

At the time of the assault Carolyn Sue had a broken foot and could not stand on it. Also, her left hand had been amputated. She was sitting on a couch, and defendant walked over to her, still "cussing," and hit her knocking her down on the couch. He then knocked her off the couch onto the floor and "stomped" her twice with his foot "right across her face and neck." He started to stomp Carolyn Sue "a second time," but Mrs. Wright "pushed him off of her," and "got him back away from her." Carolyn Sue screamed to call the police, and Mrs. Wright's daughter went to do so. Defendant grabbed the telephone from her hand and placed it back on the receiver. He then returned to where Carolyn Sue was and started cursing her again. Mrs. Wright asked him to leave, and he hit her in the mouth knocking loose two of her teeth. Mrs. Wright's husband then entered the house and took defendant to the porch. When defendant threatened to hit Mr. Wright he knocked defendant out into the yard and told him not to come back. Defendant left after making a threat to "take care" of Mr. Wright later.

After the assault Carolyn Sue was "bruised all over the side of her face" and "her neck and her glands in her neck" were swollen. "The side of face was practically black where he had scraped her with his foot when he stomped her." Later that day Carolyn Sue was taken to a doctor and then to the home of Mrs. Wright's daughter.

Section 559.180 (all statutory references are to RSMo 1959, V.A.M.S., unless otherwise stated) provides that "Every person who shall, on purpose and of malice aforethought, * * * assault or beat another

with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to * * * maim, * * * shall be punished by imprisonment in the penitentiary not less than two years." We note that while defendant was charged under Section 559.180, the intent alleged in the information and submitted by instruction to the jury was to do great bodily harm, an intent not expressed in that terminology in the statute. This variance was discussed in State v. Gillespie, Mo., 336 S.W.2d 677, and it was held that the allegation of an intent "to do great bodily harm" was the equivalent of an intent to maim and was sufficient. However, we repeat the comment made in State v. Gillespie that "We do not * * * approve the practice of departing from statutory wording and entering experimental fields."

Defendant's contention that the proof is insufficient because "there was no evidence that a dangerous weapon was used" is without merit. In State v. Gillespie, supra, this court stated that while ordinarily an assault under Section 559.180 involves the use of a weapon, "the words 'or by any other means or force likely to produce death or great bodily harm' have been used with a definite purpose and meaning," and it then was held that "a violent and aggravated assault with the fists may constitute a crime under this section." Defendant relies primarily on State v. Johnson, 318 Mo. 596, 300 S.W. 702, where it was held that the evidence in that case was insufficient to establish an aggravated assault under what was then Section 3262, Rev.St.1919, and is now Section 559.180. The evidence in that case was that the accused was seated in a boat and "kinda stamped" his wife who was lying prostrate therein. There was no evidence of the amount of force used, and it was held that "Assaulting a woman by slapping her and hitting her with the fists, and even stamping her with the feet while the assailant is in a sitting position, without a showing of other facts, cannot be said to be an assault with intent to kill or do great bodily

harm." We do not understand State v. Johnson to hold that for an assault to constitute a violation of Section 559.180 a dangerous weapon must be used, or that the offense cannot be committed by stomping with the feet. We consider that the evidence in this case establishes the "other facts" referred to in the quotation above from State v. Johnson. Defendant struck Carolyn Sue with sufficient force first to knock her down on the couch and then to the floor. The jury reasonably could find that by reason of the handicaps of Carolyn Sue she was particularly susceptible to the infliction of great bodily harm as the result of the attack by defendant. After defendant had knocked Carolyn Sue to the floor where she was in a prone position below him, defendant proceeded to stomp her twice on the face and neck with his foot. He persisted in this attack until Mrs. Wright pulled him way. Although the evidence does not disclose the type of shoes defendant was wearing, the jury could find that tremendous force could be applied by defendant stomping downward upon the face and neck of Carolyn Sue lying on the floor beneath him.

Defendant's contention that the evidence did not authorize a finding that any great bodily harm was intended also is without merit. Intent need not be proved by direct testimony, but may be shown by the circumstances. State v. Hickman, Mo., 411 S.W.2d 195; State v. Chevlin, Mo., 284 S.W.2d 563. From the method of committing the assault, and the surrounding circumstances, the jury was authorized to infer an intent on defendant to inflict great bodily harm, or in the language of the statute, to maim. State v. Holmes, Mo., 364 S.W.2d 537. There was no expert medical testimony in this case of Carolyn Sue's injuries, but Mrs. Wright testified concerning the bruises and swelling of her face and neck where defendant stomped her. The precise result of the assault need not be shown, but it is relevant to the issue of intent. State v. Layton, 332 Mo. 216, 58 S.W.2d 454; State v. Gillespie, supra. The

trial court correctly refused defendant's motion for judgment of acquittal.

◼ Defendant challenges Instruction 1, the verdict directing instruction submitting a felonious assault with malice aforethought with intent to do great bodily harm. Defendant states that the instruction first tells the jury that if it finds certain facts it should find defendant guilty and assess his punishment at not less than two years imprisonment, and then states that if it does not find those facts the defendant must be acquitted. It is contended that by so wording the instruction, without making any reference to a verdict under other instructions, the effect was "to tell the jury that the defendant must be either convicted of felonious assault with malice aforethought or otherwise acquitted," and the jury was "thereby precluded from considering the lesser offense of assault without malice aforethought which could have been punishable by a fine or jail term."

◼◼ It is true that after hypothesizing the facts of a felonious assault with malice aforethought with intent to do great bodily harm, Instruction 1 contains the phrase, "If you do not so find you will acquit the defendant." But, acquit him of what? Obviously this refers to the offense submitted by that instruction; a felonious assault with malice aforethought with intent to do great bodily harm. Instruction 3 stated that if the jury found the defendant not guilty, that is, if it acquitted him, "of assault with malice as set out in Instruction No. 1," it should then consider whether or not he was guilty of an "assault without malice." The State was entitled to have the jury consider first whether defendant was guilty of a felonious assault with malice aforethought before it considered whether he was guilty of a lesser offense. State v. Hacker, Mo., 214 S.W.2d 413. Separately numbered instructions are all parts of a single charge and must be considered as a whole. State v. Lee, Mo., 404 S.W.2d 740, 749. Defendant's challenge to Instruction 1 is without merit.

Defendant next asserts that Instruction 3 is erroneous because it "refers to a felonious assault without malice rather than a felonious assault without malice aforethought which is the proper distinguishing element."

Instruction 3 is, in its material parts, as follows: "The Court instructs the jury that if you find the defendant not guilty of an assault with malice as set out in Instruction No. 1, then you will consider whether or not the defendant is guilty of assault without malice, and in that connection you are instructed that if you find and believe, beyond a reasonable doubt, that defendant Robert Mathis did on or about March 8th, 1966, in Scott County, Missouri, unlawfully, feloniously and wilfully, but *without malice*, make an assault upon one Carolyn Sue Mathis and did strike, kick, beat and wound the said Carolyn Sue Mathis with his hands and feet, a force likely to produce great bodily injury or death, with the felonious intent then and there to do great bodily harm to the said Carolyn Sue Mathis, if you so find, then you will find the defendant guilty of assault without malice, and assess his punishment * * *." (Italics added).

Defendant asserts that by referring in Instruction 3 to "an assault without malice" instead of an "assault without malice aforethought," the instruction fails to describe the difference between a felonious assault charged under Section 559.180 and a felonious assault charged under Section 559.-190. Defendant argues that "malice aforethought" means malice *with* premeditation, and because of this it would be possible to have an assault with malice, but with no premeditation, and "if the assault was malicious then the jury could not have even considered the lesser offense intended to be instructed upon because Instruction No. 3 tells them that in order to give it any consideration they must find the assault was 'without malice.'"

◼ There has been some confusion in the language used to describe the offenses defined by Sections 559.180 and 559.190.

The first section, applied to the facts of this case, defines an offense of felonious assault with malice aforethought with intent to maim, that is, to do great bodily harm. An essential element is malice *aforethought* and the word "aforethought" as here used means malice *with* premeditation. State v. Young, 314 Mo. 612, 286 S.W. 29, 34. Malice alone is not sufficient. See State v. Venable, Mo., 177 S.W. 308, where an instruction defining "malice aforethought" as "the intentional doing of a wrongful act without just cause or excuse" (a frequent definition of "malice," see State v. Finnell, Mo., 280 S.W.2d 110, 113; State v. Ayers, Mo., 305 S.W.2d 484, 486) was held to be erroneous because "malice aforethought" means "malice with premeditation; that is, that the unlawful act intentionally done was determined upon before it was executed."

Section 559.190 provides, when applied to the facts of this case, that every person who shall be convicted of an assault with intent to do great bodily harm "the punishment for which assault is not hereinbefore prescribed," referring to Section 559.180, shall be punished in the manner provided. Therefore, an assault with malice, but not with malice aforethought, which is committed with the required intent would be an assault within the definition of Section 559.190, and would be a lesser included offense of the assault defined by Section 559.180.

Turning now to the factual situation of this case and the instructions given, if, as we have held, a jury could find that the defendant feloniously assaulted Carolyn Sue with malice aforethought with intent to do great bodily harm, it could also have found that defendant feloniously assaulted Carolyn Sue with malice, but not aforethought, with intent to do great bodily harm. This would depend upon the inferences to be drawn from the facts and circumstances. However, the only instruction submitting a lesser included offense of that defined by Section 559.180 was Instruction 3, which submitted that defendant committed an assault with intent to do great bodily harm, but with no malice; that is, no malice of any kind whether or not aforethought. This would be an assault defined by Section 559.190, because malice is not an *essential* element of the offense therein defined. State v. Null, 355 Mo. 1034, 199 S.W.2d 639; State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660. However, an assault with the intent to do the acts mentioned with malice (not constituting malice aforethought) is also an offense defined by Section 559.190 because it is an assault "the punishment for which assault is not hereinbefore prescribed," by Section 559.180.

It may be said that Instruction 3, standing alone, is not erroneous because the assault therein submitted is within the definition of Section 559.190, and it is a lesser included offense of the assault defined by Section 559.180. However, when Instruction 3 purports to submit for the consideration of the jury all the lesser included offenses defined by Section 559.190 authorized by the evidence, it is insufficient and prejudicial to the defendant. There was no other instruction submitting the issue, and Instruction 3 did not authorize the jury to consider whether the defendant was guilty of an assault with intent to do great bodily harm with malice (not amounting to malice aforethought), which assault is within the definition of Section 559.190, and which is a lesser included offense of the assault defined by Section 559.180.

Other contentions of defendant need not now be considered and ruled.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.