STATE of Missouri, Respondent,

v.

Earsel Larry JOHNSON, Appellant.

No. 55351.

Supreme Court of Missouri, Division No. 1.

Jan. 11, 1971.

took place at a tavern in Green Castle, identified as Snelling's Bar located in Green Castle, *Missouri*, and that of Everett Snelling, who testified that he owned the only tavern in Green Castle and who related events which occurred there that evening touching this affair. On the question of venue this Court will take judicial notice that Green Castle, Missouri is located in Sullivan County. See State v. Garrett, Mo.Sup., 416 S.W.2d 116, and cases cited, l. c. 118–119.

■ The trial court is charged with abuse of discretion in overruling Johnson's application and affidavit for a continuance which alleged the absence of witnesses Ella Maddox and Carolyn Crowder; what they would testify to if present; the materiality of their testimony; the efforts Johnson had made to get in touch with them (letters written to them at their last known addresses in Missouri and Illinois and returned to him); that since shortly after his arrest on this charge he had been confined under a previous conviction; that he was due to be released from confinement on November 26, 1969 (approximately one month after the date the case was set for trial) and that if the case should be continued to January 15, 1970 he would be able to locate the witnesses and have them present at the trial.

This was an application for a seventh continuance. The case, first set for trial on January 23, 1969, was continued to March 26, to April 21, to June 10, to September 22, to October 2, and then to October 23, when it was finally tried. The record does not show who applied for each of these continuances but some delays were occasioned by Johnson, when for instance he moved to remand the case for a preliminary hearing; when he discharged previously retained counsel, and when he applied for a resetting on September 22. The record does not show whether witnesses Maddox and Crowder were available during the nearly 10-month period between arrest and trial, but Johnson had that

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

L. E. Atherton, Milan, for appellant.

HOUSER, Commissioner.

Earsel Larry Johnson was charged with and convicted by a jury of felonious assault with intent to do great bodily harm with malice aforethought. § 559.180, V.A.M.S. Sentenced to five years' imprisonment, he has appealed.

According to the State's evidence Johnson assaulted and stabbed Clifford Nickell with a knife at a tavern.

■ Error is assigned in the failure of the State to prove that the crime was committed in Sullivan County. Johnson cites State v. McGraw, 87 Mo. 161, and State v. Blunt, 110 Mo. 322, 19 S.W. 650, in support of his contention of fatal failure to prove venue. We find no error in this respect, however, for the reason that the State proved sufficient facts and circumstances to reasonably support the inference that the offense was committed in Sullivan County, namely, the testimony of Billy Crowdis that he was the Sheriff of Sullivan County and that he investigated the disturbance at the only tavern at Green Castle; the testimony of Zelma, Donald and Clifford Nickell that the occurrence

length of time within which to locate them, and there is nothing to indicate that Johnson caused subpoenas to issue in an effort to make them available at any of the trial settings while they were still living in Missouri, or that Johnson made any effort to locate them through the offices of the sheriffs or city police in Illinois after they went to Illinois. Whether after release Johnson would be able to locate the witnesses was problematical. Whether, if located in Illinois, they actually would appear in the Missouri court was speculative and conjectural, since they would not be amenable to process sued out of a Missouri court and any appearance here would be entirely voluntary. Johnson's affidavit that he wrote several letters to these witnesses (at undisclosed times during this long period), all of which were returned to the sender, and stating his belief that he would be able to locate the witnesses and have them at the trial if the cause was continued to January 15, 1970 did not constitute the "very strong showing" required to induce an appellate court to interfere with the action of a trial court in denying a continuance. See State v. Amerison, Mo.Sup., 399 S.W.2d 53, 55, quoted with approval in State v. Thomas, Mo.Sup., 433 S.W.2d 537, 539. Nor did Johnson thereby convincingly demonstrate to the trial court the *probability* of procuring the testimony of the absent witnesses, as required by Criminal Rule 25.08(b), V.A.M.R., relating to continuances in criminal cases. In these circumstances the trial court's action in refusing to continue the case did not constitute an abuse of discretion, but was a reasonable exercise of the discretion vested in the trial judge to determine whether the due diligence required by Criminal Rule 25.08(b) was exercised.

■ Finally, Johnson attacks Instructions Nos. 3 and 4 as erroneous and not fully stating the law. Number 3 was an instruction on felonious assault with intent to do great bodily harm with malice aforethought. Number 4 was an instruction on felonious assault with intent to do great bodily harm without malice aforethought.

Johnson's first complaint is that No. 4 did not advise the jurors under what circumstances the jury would consider it, i. e., did not inform them that No. 4 was to be considered if the jury failed to convict of a higher grade of assault. While this type of language as a lead-in preliminary statement is entirely proper, State v. Hacker, Mo.Sup., 214 S.W.2d 413, 416 [9], its omission is not necessarily reversible error and in this case there was no such error because, as will be seen, Johnson had no right to an instruction on felonious assault without malice aforethought and its inclusion in the instructions was a gratuity.

Johnson's other complaint is that there was no instruction on felonious assault without malice of any kind and no instruction on assault with malice but not malice aforethought.

The evidence showed that Johnson assaulted Clifford inside the tavern and again later outside the tavern. There were two versions of what happened in the tavern. According to Zelma Nickell, Johnson without provocation jumped up out of a booth as Clifford was walking by, and knifed him. According to Clifford, Johnson and another person had Clifford's brother "down" (apparently on the floor). Clifford went to his brother's assistance, grabbed defendant and jerked him off his brother. Clifford then noticed that he was bleeding. In the encounter Johnson had inflicted two knife wounds on Clifford's chest and one on his head. Ten minutes later as Clifford and his brother were leaving the tavern to go home and after getting outside, Clifford's brother (speaking of Johnson) said "Run, he's got a knife." Clifford started to run and did run for a distance of several feet, then, thinking that Johnson was after his brother, Clifford slowed up. When he slowed up Johnson stabbed Clifford in the back.

Theoretically there are four possibilities in case of an assault with intent to do

great bodily harm: an assault (1) with malice aforethought; (2) without malice aforethought; (3) with malice but not aforethought, and (4) without malice of any kind. The given instructions covered (1) and (2) but Johnson claims (3) and (4) should have been given, citing State v. Mathis, Mo.Sup., 427 S.W.2d 450, which distinguishes between assault with malice aforethought, assault with malice but not with malice aforethought, and assault with no malice of any kind. In that case no weapon was used and under the facts the jury could have drawn the inference that defendant feloniously assaulted the victim with malice, but not aforethought, with intent to do great bodily harm. In the case before us, however, Johnson used a dangerous and deadly weapon (a knife), and all of the evidence in the case showed a felonious assault with malice aforethought and no lesser offense. Johnson did not take the stand. He called no witnesses. There was no evidence from any source suggesting self-defense, justification, or any extenuating or mitigating fact or circumstance suggestive of lack of malice on Johnson's part in committing an unprovoked attack with a knife. All of the evidence showed malice with premeditation, i. e., an unlawful act intentionally done, determined upon before it was executed. State v. Mathis, supra, 427 S.W.2d 1. c. 454. Johnson was not entitled to any instruction other than (1) above, State v. Kern, Mo.Sup., 447 S.W.2d 571, 579 [XIV]; the giving of (2) gave Johnson more than he was entitled to. There was no error in not giving (3) and (4).

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.