BILLY ERVIN, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.
—475 S.W.2d 211.

October 29, 1971.

Certiorari Denied by Supreme Court January 3, 1972.

William Russell Rice, Jr., Jackson, for plaintiff in error.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Whit LaFon, Assistant District Attorney General, Jackson, for defendant in error.

DWYER, J. From the judgment upon the jury verdict of finding Billy Ervin guilty of murder in the first degree with resulting punishment of twenty years and one day this appeal flows.

Court-appointed counsel assigns error contending the judgment as imposed is not supported by the evidence.

We view the assignments pertaining to the sufficiency of the evidence in the light of well settled law that defendant is before this court under a presumption of guilt. He has the burden to show his innocence by a preponderance of the evidence. See Cooper v. State, 123 Tenn. 37, 138 S.W. 826. The testimony of the witnesses and their credibility are matters for the jury and all conflicts, as such, have been settled by the verdict approved by the trial court in overruling the motion for new trial. It is therefore unnecessary for us to make a detailed pro and con review of the evidence in stating what we conclude the material facts to be, established by the testimony. See Hargrove v. State, 199 Tenn. 25, 28, 281 S. W.2d 692.

The facts, as found in this record, reveal that in the early morning hours of July 31, 1970, Billy Ervin, with a .22-caliber automatic rifle, shot and killed the deceased in Jackson, Tenn. There is no dispute as to this factual situation. Ervin admits to shooting the deceased. He urges it was an act of self defense.

The record discloses that Ervin had been married and residing at the house where the slaying took place. His wife had obtained a divorce from his in January of 1970. She had been keeping company with the deceased and it can be fairly gleaned from the record that the situation, as developed, was not too satisfactory with either the defendant or the deceased.

On the date of the homicide Ervin had been to Memphis with a friend. On returning to Jackson about 8:00 p.m., they separated. Some time thereafter defendant came upon the deceased in the city and Ervin related he was cursed by deceased. Later, defendant called the friend and asked him to drive defendant to his ex-wife's house. The friend drove Ervin to the ex-wife's house and let him out with instructions by Ervin to park the car some blocks away and then later look for him on the street.

When Ervin alighted from the car he took with him the loaded .22-caliber automatic rifle which, as he related, he had gotten out of pawn a week before and had that day been target practicing.

He noticed that his ex-wife's car was not in the driveway and he went around to the back of the house. When he heard the car pull in the driveway he proceeded to

the front of the house. When the deceased came out of the front door he stated deceased lunged at him and he shot deceased. The record reflects four shots were fired, one entering the abdomen, perforating the large bowel intestine releasing fecal content causing peritonitis, which caused death to ensue.

Ervin related he fired the fatal shots because when defendant lunged at him he was in fear and felt deceased was armed.

The ex-wife and her son both related deceased was not armed. The son related when deceased went out the door Ervin hollered "hey" and then shot deceased.

The jury by its verdict has rejected Ervin's plea of self defense, which it has the right to do. See State v. Logan, 224 Tenn. 228, 453 S.W.2d 766.

Defendant further contends there is an insufficiency of evidence in that there is no premeditation to be found in this record. With this we disagree. There is evidence in this record that Ervin: (1) learned of his ex-wife's boy friend a week before the encounter; (2) got his rifle out of pawn; (3) left the car and went onto his ex-wife's premises with the rifle loaded; (4) gave his friend instructions to park defendant's car some blocks away from the house; and (5) waited in the back yard until deceased drove up and then went to the front and shot deceased when he started out the door. We are disposed to state that these factual events connote defendant was lying in wait, which would be of a sufficiency in itself to support a first-degree murder conviction. Whether there is premeditation in the record is also a

jury question and has been foreclosed by the verdict. See Clarke v. State, 218 Tenn. 259, 402 S.W.2d 863. We find no reason to disturb this finding.

We are satisfied as to the sufficiency of the evidence and as to its compatibility with the law. In conclusion, we hold that the evidence supports the verdict and is not contrary to the law. The assignments are overruled.

The judgment of the trial court is affirmed.

We thank court-appointed counsel for his services in representing indigent accused.

Galbreath and Mitchell, JJ., concur.