Jerry Lee **THEBEAU**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 57151.

Supreme Court of Missouri, Division No. 1.

March 12, 1973.

Benson Cytron, House Springs, for defendant-appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN R. RICKHOFF, Special Judge.

This is an appeal from an order and judgment entered by the Circuit Court of Jefferson County denying appellant's motion to vacate judgment and sentence under S.Ct. Rule 27.26, V.A.M.R.

Upon this appeal, appellant urges that the trial court erred in not sustaining his motion to set aside his conviction because he was denied effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. He bases this conclusion upon his contention that his appointed attorney failed to become conversant with pertinent statutes which were applicable to the determination of his competency to stand trial.

The appellant was charged with assault with intent to kill, and the court appointed an attorney, William Bernhardt, to defend him. Mr. Bernhardt filed a motion for psychiatric examination on behalf of appellant, and thereafter the appellant was examined at the Fulton State Hospital to determine his competency to stand trial and also to determine his mental fitness at the time of the offense charged.

In January, Mr. Bernhardt, at the suggestion of appellant, requested permission to withdraw from the case, which request was denied.

A report of the psychiatric examination was filed January 16, 1970. Section 552.-020, V.A.M.S., provides that within five days after the filing of the report, both the accused and the State shall, upon written request, be entitled to an order granting them an examination of the accused by a physician of their own choosing and at their own expense. The statute further provides that if the opinion in the report is not contested, the court can make a determination on the basis of the report filed or may hold a hearing on its own motion.

No written request was made, and on February 2, 1970, the appellant in person, Mr. Bernhardt, and the prosecuting attorney appeared in open court, where the prosecuting attorney asked that the report be accepted as evidence and that the court find appellant had mental fitness to proceed. Mr. Bernhardt argued that the report was prepared upon an incomplete picture of the defendant, that the report was prepared without the knowledge that the defendant had tried to commit suicide while in jail, that the five-day period was not adequate because defendant did not want a court appointed attorney to represent him, and that the procedure under which the report was made violated appellant's rights under the Fourteenth Amendment to the United States Constitution.

The court then found that under § 552.-020 appellant had no mental disease or defect excluding his fitness to proceed with the trial. During the same proceedings, Mr. Bernhardt was given permission to withdraw as appellant's attorney.

Shortly after Mr. Bernhardt withdrew, Mr. Clinton Almond entered his appearance on behalf of appellant and represent-

ed him in the trial of the case, as a result of which the appellant was found guilty. Thereafter, Mr. Almond filed a motion for new trial on behalf of appellant, arguing that the evidence was insufficient for a finding of guilty, that the verdict was against the weight of the evidence, that evidence used to establish prior incarceration was based on hearsay and was inadmissible, and that physical evidence was improperly admitted without proper foundation.

The motion was overruled and on April 30, 1970, appellant appeared before the court for sentencing, at which time appellant stated on the record that he did not wish to appeal the sentence.

At the hearing held on the Rule 27.26 motion, Mr. Bernhardt testified that he asked for a mental examination of appellant because it looked to him like it was the appellant's only hope. He testified that he knew the State had a confession and statements of witnesses, and he could not see any other way out than to ask for a mental examination. Mr. Bernhardt also testified that he had been unaware of the five-day limitation in the statute.

The appellant testified that nobody told him that a report from the Fulton State Hospital had been filed with the court and nobody discussed with him the question of whether or not there would be another mental examination, nor did Mr. Bernhardt tell him that he could file exception to the report made and have an examination by a doctor of his own choosing. Appellant also testified that in the two years prior to the night of the occurrence out of which the charge arose, he had not sought medical attention for any mental problem and that since he had been in the county jail and state penitentiary he had not sought medical attention either.

Appellant here makes no contention that he was not competent to stand trial, nor that counsel who represented him in the trial of the case and in the motion for new trial, and who did not raise the issue of whether appellant was competent to stand trial, failed to render appellant effective assistance. Rather, appellant's position seems to rest solely upon the theory that because the failure of Mr. Bernhardt to request a hearing proceeded from lack of knowledge rather than from a judgment not to request a hearing made with knowledge of the time limit on the right to request an examination, the appellant was denied effective assistance of counsel. Thus, appellant's complaint with counsel's handling of the case appears to stem, not from what counsel did, but rather from the reasons for counsel's action. Appellant's reliance for his motion on the reason for failure to request a further examination, rather than the *fact* of such failure, is borne out by lack of any contention that the failure of Mr. Almond to raise the issue of appellant's competency to stand trial denied him effective assistance of counsel.

In a concurring opinion in an en Banc decision of this court in McQueen v. State, 475 S.W.2d 111 (1971), Chief Justice Finch observes that the accepted test in cases where ineffectiveness of counsel is urged as ground for a new trial, is stated in terms of whether counsel's actions, or lack thereof, have made the trial a farce or mockery of justice. Garton v. State, 454 S.W.2d 522 (Mo.1970); Holbert v. State, 439 S.W.2d 507 (Mo.1969). But he further observes that in most instances the courts, after stating the test in the above terms, have sought actually to ascertain whether there has been such failure on the part of the attorney that defendant has not had a fair trial. The determination of this issue in turn depends upon whether the defendant was prejudiced as a result of ineffective assistance of counsel. A defendant is not entitled to a new trial merely upon the proposition that counsel should have handled the case differently than he did.

The need to affirmatively demonstrate prejudice in seeking to make a case for ineffective assistance of counsel is also recognized by federal courts. In United

States ex rel. Green v. Rundle, 434 F.2d 1112 (3d Cir. 1970), an applicant for a writ of habeas corpus argued that the failure of his trial counsel to locate employment records to corroborate the applicant's alibi defense denied the applicant effective assistance of counsel. The Third Circuit Court of Appeals held that the District Court should rehear the case to determine the prejudicial effect of the absence of those records, and that the burden was upon the applicant to show that his defense was prejudiced by that absence.

We do not find Mr. Bernhardt's representation of appellant to be so deficient that it denied appellant the basic right to assistance of counsel. More must be shown to establish that conclusion than mere mistakes on the part of counsel, and in any event there must be an affirmative demonstration of prejudice resulting from an omission of counsel to make a case of ineffective assistance of counsel.

As we have stated, appellant, in his argument here, relies solely upon Mr. Bernhardt's lack of knowledge of the statutory provisions. The trial court, upon hearing of this motion, made no finding that appellant may have been suffering from a mental incapacity; appellant himself makes no such contention; and Mr. Almond, appellant's second attorney with whom appellant finds no fault, made no such contention at any stage of the proceeding. The trial court was presented with no evidence and this court has been presented with no argument that appellant was in fact incompetent to stand trial. In view of these facts we are unable to find any basis for disagreeing with the finding of the court below that the appellant was not denied a fair trial by the inaction of his counsel.

Judgment affirmed.

HOLMAN, P. J., concurs.

SEILER, J., concurs in result in separate concurring opinion filed.

BARDGETT, J., not sitting.

SEILER, Judge (concurring in result).

At the February 2, 1970 appearance in circuit court, where the court ruled defendant competent to proceed in the criminal trial, original appointed counsel candidly stated, "Judge, my heart's not in it" and "I haven't taken too much care to prepare the case." [1] With this limited interest on part of counsel, it is not surprising important possibilities were overlooked or that defendant was seeking to change counsel.

In my opinion, counsel's self-characterization of his representation is not inaccurate, and I do not see how this kind of representation can be held to be the effective assistance of counsel which we guarantee every defendant. Certainly it is below the standard we expect of lawyers generally. However, under McQueen v. State, 475 S.W.2d 211 (Mo. banc 1971) I see no alternative to concurring in result.

The net result of cases such as this is that the defendant, the courts, and the lawyers, as well as the public, come out on the short end: (1) the defendant, instead of getting effective assistance of counsel at the outset of his case, is relegated to an inquiry made long after the event as to whether effective assistance of counsel originally would have helped him and (2) the courts, lawyers, and public must take time to hold a hearing and determine what could have been developed for defendant had counsel given the case proper attention in the beginning. We would save time for all, as well as enhance respect for law, by insisting on effective assistance of counsel from the start, rather than somewhere down the line.

1. February 2, 1970 also was the date the case had been set for trial.