Samuel COOK, Movant-Appellant,

v.

STATE of Missouri, Defendant-Respondent.

No. 35333.

Missouri Court of Appeals,
St. Louis District,
Division No. 1.

July 2, 1974.

Motion for Rehearing or Transfer Denied
July 15, 1974.

Charles Kitchin, Public Defender, James C. Jones, David Uthoff, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for defendant-respondent.

WEIER, Judge.

Movant, Samuel Cook, appeals from an order of the circuit court of St. Louis overruling his motion to vacate a fifteen year sentence filed pursuant to Rule 27.26, V.A.M.R. Movant presented two grounds for relief: 1) his sentence was in excess of the statutory maximum, and 2) he was denied effective assistance of counsel. Appellant was convicted of assault with intent to do great bodily harm with malice aforethought on December 8, 1969, and under the Second Offender Act was sentenced by the court. The opinion affirming this judgment and sentence on appeal was reported in State v. Cook, 463 S.W.2d 863 (Mo.1971). On July 27, 1971 appellant filed his motion to vacate and thereafter an evidentiary hearing was held. The trial court entered findings of fact and conclusions of law and denied appellant's motion. That portion of the trial court's treatment of the first contention of error so clearly sets out the issue, analyzes the applicable law, and so thoroughly and incisively disposes thereof that we adopt it as a part of this opinion.

"Movant contends that the maximum punishment permissible in Cause 1586–R [1] was 5 years, the maximum sentence permitted under Section 559.190.[2]

"The touchstone of movant's contention is his conclusion that the jury in Cause 1586–R found him guilty of assault with intent to do great bodily harm with malice and did not find him guilty of such an assault with malice aforethought. Having reached this conclusion, movant then correctly cites Sections 559.180 and 559.190, defining assaults, as the controlling statutes at his trial and points out that Section 559.180 provides for an unlimited range of punishment, but Section 559.190 provides

---

1. The trial court number assigned to this case.

2. All statutory references are to RSMo 1969, V.A.M.S.

for a maximum punishment of 5 years imprisonment.

"Movant also correctly states that in several cases, in particular State v. Johnson, 461 S.W.2d 724, 726 [4] (Mo.1971) and State v. Mathis, 427 S.W.2d 450, 453 [5] (Mo.1968) our Supreme Court has interpreted these statutes as theoretically defining four possible types of assaults with intent to do great bodily harm: 'an assault (1) with malice aforethought; (2) without malice aforethought; (3) with malice but not aforethought; and (4) without malice of any kind.'; and movant notes that that Court has placed the latter 3 types of assault within the purview of Section 559.-190, with its limited maximum punishment of 5 years and has placed only an assault with intent to do great bodily harm with malice aforethought within the purview of Section 559.180, with its unlimited range of punishment.

"Since he was found guilty of an assault with malice and not malice aforethought, movant argues, he could be sentenced properly only within the range of punishment permitted by Section 559.190, two to five years, and, therefore, he contends, the Court lacked jurisdiction to impose a 15 year sentence against him.

"This Court disagrees with Movant's basic premise: his conclusion that he was found guilty of an assault 'with malice' and not 'with malice aforethought.' Movant's conclusion rests upon the signed verdict form returned by the jury in Cause 1586–R which reads: 'We, the jury in the above entitled cause, find the defendant guilty of Assault with Intent to do Great Bodily Harm with Malice, as charged', and which movant interprets as a finding of guilty of an assault with malice and not malice aforethought.

"Movant's interpretation of the quoted language used in the verdict form, his basic premise, questions the definiteness and certainty of the verdict and, in effect, places in issue the sufficiency of the verdict as a verdict. The principles to be used to determine the sufficiency of a verdict have been developed by our Supreme Court in a long series of cases, and these often repeated principles have been collected and restated in a relatively succinct manner, with supporting citations, in State v. Leimer, 382 S.W.2d 718, 721 (Mo.App. 1964), where the Court stated:

"'[I]n determining the sufficiency of a verdict, the controlling object is to learn the intent of the jury; and, if such intent may be ascertained and the verdict made definite and certain by reference to the pleadings and instructions, it will be sustained * * *.' "

"'The verdict of a jury, even in a criminal case, is not to be tested by technical rules of construction.' '[V]erdicts should be liberally construed in view of the intention of the jury and of the issues presented and all reasonable presumptions are indulged to sustain a verdict.' 'It is a wholesome precept that verdicts should be given a reasonable intendment and a like construction, and are not to be avoided unless it is evident they will work manifest injustice.' "

"'Finally, but certainly not least importantly, a standard frequently employed in determining the legal sufficiency of the verdict in a criminal case is that the verdict must be sufficiently definite and certain "that upon the entry of a judgment thereon it would have constituted a bar to a further prosecution * * * for the same offense." ' "

"Applying these principles to the present case and considering first the indictment and the subsequent substitute information in Cause 1586–R, it is apparent but [not] unusual that these pleadings are drafted in archaic jargon, and with redundant verbiage and execrable syntax. Nonetheless, the repeated use of the term malice aforethought in both of these pleadings makes it clear that movant was charged with assault with intent to do great bodily harm with malice aforethought.

"Furthermore, the instructions bear this out. The 'verdict directing' instructions are Instructions 2 and 3. In Instruction 2, the Court specifically defines the term malice aforethought in a paragraph set

apart from the rest of the instruction. In addition, the Court posits a finding of 'malice aforethought' as a necessary prerequisite to a finding of guilty of the crime defined in this instruction. Perhaps the definition of the crime, the actual word description, is not artfully stated in this instruction, for the crime is described as 'assault with intent to do great bodily harm with malice, as charged in the substitute information in lieu of indictment.' However, the crime charged is made clear by the converse language used in this instruction that 'unless you so find the facts to be, you will acquit the defendant of the charge of assault with intent to do great bodily harm *with malice aforethought*.' (emphasis added)

"This analysis shows that by Instruction 2 the Court was submitting the issue of guilt or innocence of the charge of assault with intent to do great bodily harm with malice aforethought.

"Without a detailed dissection and analysis of Instruction 3, it is equally clear from either a cursory reading or studied consideration of this Instruction that the Court was submitting the question of guilt or innocence of the lesser offense of an assault with intent to do great bodily harm *without malice aforethought*. Thus, when Instructions 2 and 3 are read together, as they should be read, it becomes clearer still —crystal clear—that what the Court was submitting to the jury in the instructions for its consideration were the charges of assault with intent to do great bodily harm with malice aforethought and without malice aforethought.

"Moreover, along with the instructions, the jury received three verdict forms. Each form was styled: 'On substitute Information in Lieu of an Indictment for Assault with Intent to Do Great Bodily Harm with Malice.' One was a 'Not Guilty' form; another stated, 'We, the jury in the above entitled cause, find the defendant guilty of Assault with Intent to Do Great Bodily Harm Without Malice Aforethought'; and the third is the verdict form in issue here. When the verdict

forms are considered together and, especially, when the verdict form referring to an assault 'without malice aforethought' is read with the verdict form referring to an assault 'as charged', it is apparent, at least to this Court, from these verdict forms alone, that the jury returned a verdict of guilty upon an assault to do great bodily harm with malice aforethought.

"More important, these verdict forms do not stand alone and certainly the verdict form isolated by movant and put in question here does not stand alone. When this verdict form is considered with the other verdict forms, considered with the instructions and considered with the pleadings, in accord with the often repeated principles of our Supreme Court, it becomes perfectly apparent and quite clear that movant was convicted of assault with intent to do great bodily harm with malice aforethought.

"By answering movant's argument with the foregoing analysis, the Court, perhaps, seems to give the argument a credibility it does not deserve. Any credence so derived should be laid to rest by our Supreme Court's rather summary dismissal of an almost identical issue and argument in State v. Thomas, 82 S.W.2d 885, 889 [10, 11] (Mo.1935).

■ "Movant admits that the facts of each case cited by him are readily distinguishable from the present fact situation, but, as noted, he does argue that the rationale of those cases is applicable here. Having concluded, contrary to movant, that he was found guilty of an assault to do great bodily harm with malice aforethought, the Court sees no useful purpose in a detailed refutation of the rationale of those cases. As a matter of fact, and as also previously noted here, movant does correctly point out that our Supreme Court has categorized an assault to do great bodily harm into four distinct categories: 'an assault (1) with malice aforethought; (2) without malice aforethought; (3) with malice but not aforethought and (4) without malice of any kind', State v. Johnson, *supra*, at 726–727, and that Court has insisted these defined categories have real

differences. State v. Mathis, *supra* at 453–454.

"Although this classification of assault may be tidy and symmetrical, the differences between the classes are perhaps more apparent than real and no real difference may exist, for example, between an assault 'with malice aforethought' and an assault 'with malice but not aforethought.' Thus, in many decisions, our Supreme Court now uses the term 'malice' interchangeable with and rather than the traditional term 'malice aforethought.' See State v. Anderson, 375 S.W.2d 116, 122 (Mo.1964); State v. Williams, 323 S.W.2d 811 (Mo.1959). Even in its decision in the present case on appeal, that Court begins:

"'Samuel J. Cook, charged under the Second Offender Act with a prior felony and with assault with intent to do great bodily harm *with malice under Section 559.180*, was found guilty of the latter charge by a jury . . .' (emphasis added) State v. Cook, 463 S.W.2d 863, 864 (Mo.1971).

"The reason for this interchangeable use is, perhaps, that by definition 'malice aforethought' is simply a redundant way of saying 'malice'. By accepted definition, 'malice aforethought' means 'malice with premeditation,' e. g. State v. Mathis, *supra* at 454. 'Malice' does not mean 'spite or ill will, but the intentional doing of a wrongful act without just cause or excuse,' e. g. State v. Mosley, 415 S.W.2d 796, 798 (Mo. 1967), and 'premeditation' is defined as 'thought of beforehand for any length of time, however short,' e. g. State v. Baber, 297 S.W.2d 439, 441 (Mo.1956). Eliminating the obvious redundancies from these definitions, 'malice aforethought' is the 'intentional doing of a wrongful act, thought of beforehand.'

■ "However, when considered in the light of the basic tenets of our criminal law, this latter definition is nothing more than the accepted definition of malice: 'the intentional doing of a wrongful act.' Our criminal law is founded upon free will and conscious choice. Thus, under our criminal law, to intend to commit an act presupposes a thought process and choice before the intention can be formed; and, since 'malice' is defined as the 'intentional doing of a wrongful act,' an act committed with malice must have been 'thought of beforehand' just as an act committed with 'malice aforethought'. As stated by one authority, malice and malice aforethought '. . . are simply interchangeable terms and no significance can be attached to the selection of one or the other.'

■ "For the foregoing reasons, the Court concludes that movant was found guilty of assault with intent to do great bodily harm with malice aforethought in Cause 1586–R and, thus, concludes that the 15 year sentence imposed against him was within the permissible maximum statutory punishment."

Considering the charge made in the information, the instructions which were given to the jury and the wording of the verdicts, including the one adopted by the jury, there can be no doubt that the jury found the movant guilty of assault with intent to do great bodily harm with malice aforethought under § 559.180. We concur in the ruling of the court below.

■ Movant also maintains on appeal that he was denied effective assistance of counsel, enumerating inadequate representation by his court appointed attorney in three areas: 1) counsel's failure to request a mental competency hearing, 2) counsel's failure to file motions to suppress identification, and 3) counsel's failure to investigate fully movant's case before trial. While there is today no question that an accused is entitled to effective assistance of counsel, Jackson v. State, 465 S.W.2d 642, 645[1] (Mo.1971), "[t]he ultimate test is whether the efforts and representation of the attorney have reached the level of adequacy so that the defendant has had a 'fair trial' * * *." Hall v. State, 496 S.W.2d 300, 303[3] (Mo.App.1973).

Movant first maintains that his attorney should have been aware that movant was

incompetent because he refused to plead guilty to a reduced charge and because his attorney indicated at the hearing on this motion that movant was unable to cooperate with him in preparing a defense. A review of the record indicates that the attorney testified that movant had not cooperated with him, not that movant was unable to cooperate.

An accused is mentally competent, under § 552.020, to stand trial or to plead guilty if he can rationally consult with counsel and the court, and can understand the proceeding against him. Pulliam v. State, 480 S.W.2d 896, 903[3] (Mo. 1972); Newbold v. State, 492 S.W.2d 809, 818[4] (Mo.1973). The mere decision not to plead guilty to the lesser charge would be no indication of incompetency, under the above standard. Further facts indicate that a competency hearing was unnecessary. Movant's attorney testified at the hearing that there was nothing in movant's speech, demeanor, or anything that would indicate to him movant's incompetence to stand trial. In fact, his attorney met with him on at least six occasions prior to trial and discussed strategy with him concerning the guilty plea and preparation for trial of the case. The record shows no basis for mental incompetency of defendant. The trial court so decided, and we find no clear error in its ruling.

Movant charges ineffective assistance by counsel's failure to file a motion to suppress identification evidence. But here movant's attorney was able to review the circuit attorney's file and after finding that there was positive identification by a witness at the scene of the assault, decided that such a motion would be useless. A motion to suppress evidence is considered a decision of trial strategy or judgment. Lowe v. State, 468 S.W.2d 644, 646 (Mo. 1971). As such, a decision in this area by counsel is not the basis for a charge of ineffective assistance of counsel. Maggard v. State, 471 S.W.2d 161, 166[6] (Mo. 1971); State v. Brown, 461 S.W.2d 743, 746[2] (Mo.1971). In this case, the matter

for decision by defendant's attorney and as such furnishes no basis for a charge of ineffective assistance. The court below so concluded and clear error is not here present.

Movant finally contends that he was denied effective assistance by his attorney because of the attorney's failure to investigate adequately to prepare a defense. In order to have a basis for relief on this point, movant must demonstrate that the neglect of his attorney in this regard has resulted in prejudice to his position and deprived him of substantial rights. Babcock v. State, 485 S.W.2d 85, 89[6] (Mo.1972); McKnight v. State, 497 S.W. 2d 201, 204[4, 5] (Mo.App.1973). A defendant is not entitled to a new trial merely upon the proposition that counsel should have handled the case differently than he did. Thebeau v. State, 491 S.W.2d 275, 277[2] (Mo.1973). Movant urges that his counsel should have investigated a lounge where he had been the night of the crime, and that members of his family should have been interviewed. Such actions, in movant's opinion, "could have" led to additional evidence. His attorney did consider investigating the lounge in question, but decided not to as a matter of judgment. According to the version of facts which was given by movant, movant was not in the lounge when the assault took place. Movant had been there at least fifteen to twenty minutes before the assault. When the assault occurred, he testified he was walking on the street and heard a shot. Movant's attorney did investigate a claim of movant being shot through a screen door of a barbecue stand, but could find no basis for it. He attempted to solicit names of potential witnesses from movant, but was given none except "Bud". Movant was later uncooperative in tracing this so-called witness. And although requested by the attorney, no members of the family came to his office. Aside from conferring with the circuit attorney's office, movant's attorney frequently conferred with the movant before trial. There was nothing that he could have done that was not done

contrary are mere speculation and fail to meet the burden of proof imposed on movant by the *Babcock, McKnight* and *Thebeau* cases, *supra*. Although there was a disparity between the testimony of movant and his attorney concerning some of the facts attending the preparatory phase of the defense, we give due regard to the opportunity of the trial court to hear and observe the witnesses, and defer to such court's factual determination, since the trial court is best able to pass on the credibility of the witnesses. Crosswhite v. State, 426 S.W.2d 67, 70, 71[1, 2] (Mo. 1968); State v. Brownridge, 506 S.W.2d 466, 468[3] (Mo.App.1974). The trial court found against movant on the issue of ineffective assistance of counsel, and we can perceive no clear error in this determination.

Accordingly, the judgment appealed from is affirmed.

DOWD, C. J., and KELLY, J., concur.