STATE of Missouri,
Plaintiff-Respondent,

v.

Marvin MORRIS, Defendant-Appellant.

No. 37710.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 13, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Robert C. Babione, Public Defender, Sara T. Harmon, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles Sindel, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

PER CURIAM.

Marvin Morris, appellant, was found guilty by a jury in the Circuit Court of the City of St. Louis of Tampering With a Motor Vehicle in violation of § 560.175 RSMo 1969. The trial court also found that he had been previously convicted of a felony, Operating a Motor Vehicle Without the Owner's Consent, and pursuant to the provisions of § 556.280 RSMo 1969 sentenced him to a term of five (5) years in the custody of the Missouri Department of Corrections. He appealed. We affirm.

Appellant does not question the sufficiency of the evidence to sustain the conviction; therefore, a brief statement of the facts supporting the jury verdict will suffice.

On July 7, 1975, a member of the Metropolitan St. Louis Police Department, Garland Burson, observed three men removing tires from a 1971 Oldsmobile in O'Fallon Park in the City of St. Louis. The owner of this car was Helen Louis. As Officer Burson approached, the three men began to walk away quickly but halted when he ordered them to do so. He inquired if they owned the car and one of the three replied that they did not know who the car belonged to, that they were just taking the tires off the car. He placed all three of the men under arrest and, at trial, identified appellant as one of the men he arrested at the scene.

On appeal, four Points Relied On are presented as grounds for reversing the judgment of the trial court and remanding the case for a new trial.

Appellant initially contends that the trial court erred in refusing to grant leave to an Assistant Public Defender to withdraw from representing him because the appellant was not indigent. The Public Defender had been appointed to represent the appellant on September 9, 1975. On November 3, 1975, the Public Defender filed a memorandum requesting leave of court to withdraw as counsel for the appellant on the grounds appellant was not indigent and had retained private counsel. On the same day retained counsel filed a memorandum entering his appearance on behalf of appellant and simultaneously requested a continuance of the trial of the cause in order to prepare for trial. The trial court denied

retained counsel's request for a continuance.[1]

The cause was assigned to a trial division for trial and there retained counsel again presented his motion for continuance. Once again his motion was denied, this time on the grounds that the Assistant Public Defender was ready for trial and said Assistant Public Defender was ordered to remain in the case to assist the retained counsel in the trial of the case. The trial was commenced on November 4, 1975.

Under this Point, appellant's attack is threefold: the trial court erred in that: 1) it violated the Public Defender Statute, § 600.045 RSMo 1969, in refusing to permit the Assistant Public Defender to withdraw from the case because the appellant was not indigent: 2) in denying his retained counsel's motion for continuance, thereby denying him of his constitutional rights to effective assistance of counsel; and 3) it based its denial of said motion solely on the finding that the Assistant Public Defender had announced ready for trial.

■ We read the Statute in a different light than does the appellant. When the cause came on for trial the Statute authorized the trial court to relieve the Public Defender from a previously made appointment when one of two conditions was found to exist. The trial court is authorized by the Statute to relieve the Public Defender "upon a showing of good and sufficient reason therefor" or "if the defendant is found not to be indigent." Under neither of these conditions is the trial court mandated to relieve the Public Defender; rather, the discretion to do so rests in the trial court. We hold, therefore, that the trial court did not violate the Statute in refusing, under these circumstances, to permit the Assistant Public Defender to withdraw.

■ The remaining two grounds argued under this Point are actually directed to an allegation that by failing to authorize the Assistant Public Defender to withdraw, and to grant his retained counsel's request for a continuance the trial court violated appellant's right to the effective assistance of trial counsel.

He argues that he is entitled to counsel of his own choosing and therefore he should not have been saddled with the Assistant Public Defender. While this right has been recognized, it is not absolute. It is limited to the extent it impinges on the public's right to effective and efficient administration of justice. *State v. Jefferies,* 504 S.W.2d 6, 7(1) (Mo.1974). Here, appellant's retained counsel did not enter his appearance until the cause was on the docket for trial and after the Assistant Public Defender had announced ready for trial. In fact, appellant had two counsel to assist him at trial and there is nothing in the record indicating any disharmony between them in the conduct of the trial. The Assistant Public Defender had been on the case almost sixty (60) days and by his own announcement was ready to try the case. There is nothing in this record to show that he was not ready.

■ With respect to the allegations that he was the victim of ineffective assistance of counsel, the appellant points to three incidents which he contends support his complaint, and which he says would have been handled differently if his retained counsel had been granted a continuance to properly prepare for trial. The first of these is what he refers to as a summary denial of pre-trial motions to suppress evidence, to suppress statements, and to dismiss, without an evidentiary hearing. Appellant, however, has utterly failed to identify with any particularity how the alleged neglect of counsel prejudiced his position. A defendant is not entitled to a new trial merely upon the proposition that counsel should have handled the case differently than he did. *Cook v. State,* 511 S.W.2d 877, 882(9) (Mo.App.1974). In the absence of any allegations or evidence that would have changed the ruling on these motions in this record, we cannot speculate that had a con-

---

1. When his motion for continuance was denied retained counsel applied to this Court for a "Writ of Prohibition and Mandamus" on November 4, 1975, which we refused.

tinuance been granted, a different result would have come about or that retained counsel would have handled his motions differently.

Appellant also argues that the failure of counsel to object when a statement made by an accomplice was admitted into evidence, and when evidence of a fingerprint of one of the accomplices found on the car was introduced into evidence, constituted ineffective assistance of counsel and would not have occurred had his retained counsel been given time to prepare for trial.

The mere failure to object to objectionable material is not sufficient to demonstrate ineffective assistance of counsel. *State v. Harris,* 425 S.W.2d 148, 153(5) (Mo.1968). The statement of the accomplice was made at the scene at the time the three men were observed removing the tires from the automobile and were placed under arrest. Whether it was a part of the res gestae has not been briefed by either party to this appeal. The record is devoid of any evidence that the lack of objection to these items of evidence was occasioned by any lack of preparation on the part of retained counsel and we cannot speculate that it was. There was ample evidence in this record to establish the facts necessary for a conviction, in the absence of evidence of an accomplice's statement and fingerprints. Under these circumstances the appellant has not sustained the burden of demonstrating any prejudice to his case as a result of counsel's alleged inadequate time for preparation. *Cook v. State,* 511 S.W.2d 877 (Mo.App.1974).

The decision to grant or deny a motion for continuance is discretionary with the trial court, and allegations of an erroneous denial of such request must be supported by the record. We hold that there is nothing in this record from which we can deduce the trial court abused its discretion or committed error in denying retained counsel's motion for a continuance on the eve of trial, particularly where, as here, he had available to him the services of an Assistant Public Defender who had been on the case and announced ready for trial.

Appellant's Second Point Relied On is that the trial court erred in finding that the State had proved he had previously been convicted of a felony and that he came, therefore, under the sentencing provisions of The Second Offender Act, § 556.-280 RSMo 1969. Appellant contends that the mere identity of names is insufficient to support a finding beyond a reasonable doubt that he is the same Marvin Morris referred to in the records adduced at trial in support of the allegation in the Information under the Act.

The State introduced into evidence the judgment entry book of the Circuit Court of Criminal Causes for the City of St. Louis in Cause No. 817–P wherein the plaintiff was the State of Missouri and the defendant was Marvin Morris. According to this record the defendant, Marvin Morris, was charged by Information with the offense of Operating a Motor Vehicle Without the Owner's Consent and was convicted of that charge on June 20, 1967.

The law in Missouri is clear that evidence of identity of names is prima facie evidence to establish the accused's identification for the purpose of proving a prior conviction under the Second Offender Act. *State v. Echols,* 467 S.W.2d 893, 896 (Mo.1971). There is no evidence in this record which would refute the prima facie proof made at trial and we rule this Point against appellant.

Appellant's final two Points—that the trial court erred in submitting its own instruction in lieu of MAI–CR 1.02 and in finding from the evidence offered by the State that he had been previously convicted of a felony—were, he admits, not preserved for review in the trial court. He has asked that we review these Points as plain error pursuant to the provisions of Rule 27.20(c).

With respect to the submission of the trial court's own instruction, appellant relies on *State v. Clifton,* 549 S.W.2d 891 (Mo.App.1977). *Clifton* does not control here and is not a plain error case; in *Clifton* the error was preserved for review.

With respect to the finding of the trial court that appellant had been previously convicted the evidence introduced by the State met the standards set out in *State v. Goff,* 449 S.W.2d 591, 593–594(2) (Mo. banc 1970) and was therefore sufficient to support said finding by the trial court.

Furthermore, there is no manifest injustice nor miscarriage of justice in this conviction.

We therefore rule these Points against appellant.

The judgment and sentence of the trial court is affirmed.

All Judges concur.