**STATE of Missouri, Respondent,**

v.

**Robert E. PAYNE, Appellant.**

**No. 43097.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1981.

Richard A. Fredman, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from a conviction for carrying a concealed weapon (§ 571.115, RSMo.1978) for which defendant was sentenced, as a persistent offender (§§ 558.016 and 558.021, RSMo.1978), to a term of four years imprisonment. We affirm.

On May 4, 1979, St. Louis Metropolitan Police Officers Thomure and Fredericksen observed a parked cadillac occupied by defendant and a wanted suspect. The officers recognized one occupant as a suspect wanted for armed robbery. Recognizing the potential danger, they approached the cadillac with weapons drawn, identified themselves as police officers and ordered the suspect and defendant out of the car. The suspect was placed under arrest. Following the officer's instructions, defendant placed his hands on the roof of the car. Officer Thomure heard a heavy sound hitting the roof and noticed that defendant had a pair of gloves in his hand. Knowing that defendant often carried a gun, Thomure ordered defendant to leave the gloves and move away from the car. Thomure squeezed the gloves. Feeling a gun inside, Thomure looked inside the gloves, discovered and seized a gun. Defendant was placed under arrest for carrying a concealed weapon.

Defendant first complains of error in that the trial court overruled his motion to suppress alleging the state failed to show the search and seizure was a lawful one. The record reveals defendant failed to object at trial when the evidence was offered by the state. Defendant has failed, therefore, to preserve this point for review. *State v. Simone*, 416 S.W.2d 96, 100–101 (Mo.1967). Additionally, defendant's point had no merit. There was substantial evidence adduced at trial supporting the conclusion that the officers' actions were based on a "reasonable suspicion" of defendant's criminal activity. *State v. Johnson*, 566 S.W.2d 510, 513 (Mo.App.1978). Furthermore, the scope of Thomure's search was the minimum necessary to protect his welfare and learn if defendant was armed. *Terry v. Ohio*, 392 U.S. 1, 29–30, 88 S.Ct. 1868, 1883–84, 20 L.Ed.2d 889 (1968); *State v. Johnson, supra* at 513; *State v. Sanders*, 530 S.W.2d 749, 751 (Mo.App.1975).

Defendant next complains the trial court erred in denying his motions for judgment of acquittal at the close of the state's case and at the close of the entire case. We disagree. Considering as true all the evidence favorable to the state, a prima facie case was established. *State v. Sloan*, 548 S.W.2d 633, 637 (Mo.App.1977). The record reveals sufficient evidence to support the conclusion that the weapon was "carried so as not to be discernible by ordinary observation." *State v. Bordeaux*, 337 S.W.2d 47, 49 (Mo.1960).

Defendant finally complains that trial court erred in admitting exhibits evidencing prior convictions over his objections and in sentencing him as a persistent offender (§§ 558.016 and 558.021, RSMo.1978). We do not agree. A persistent offender is defined as "one who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode." Section 558.016, RSMo.1978.

Following the procedure delineated in § 558.021, RSMo.1978, the state offered evidence of defendant's prior convictions. Defendant has, at no time, claimed he is not the Robert Payne referred to in these exhibits. See, *State v. Morris*, 591 S.W.2d 165, 169 (Mo.App.1979). Although there was some confusion as to the date of one prior conviction, there was sufficient evidence to support the trial court's finding that defendant was a "persistent offender". §§ 558.016 and 558.021, RSMo.1978; *see, State v. Bolden*, 525 S.W.2d 625, 634 (Mo. App.1975).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.