Victor Harold MARTIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 43183.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 6, 1981.

Mary K. Wefelmeyer, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

In this Rule 27.26 case movant-defendant had an evidentiary hearing. He had been found guilty of murder and got a life sentence. The trial court denied the motion and defendant appeals.

Here, defendant claims the motion court erred in finding against his contention a prosecution witness was an admitted perjurer; and, that trial counsel was ineffective in failing to investigate his belief the state had suborned perjury.

 On defendant's first point: Fellow-inmate Felix Duncan testified that eight years before he had lied when he testified he had seen the victim and the defendant holding, but not firing a shot-gun; that he so testified under the prosecutor's threats. But, at that trial two other witnesses testified they had seen and heard defendant shoot the victim with a shot-gun.

So, even if Duncan's trial testimony had been true, it was of little consequence. And the hearing court specifically found it disbelieved Duncan's hearing testimony.

Defendant did not sustain his burden of showing his conviction resulted from Duncan's perjury. Compare *Bryant v. State*, 604 S.W.2d 669[6, 7] (Mo.App.1980).

By his second point defendant now claims his trial counsel was ineffective by failing to investigate his belief that trial witness Felix Duncan was testifying falsely under police pressure, as Duncan now says he was. As said, in view of other witnesses Duncan's trial testimony was barely pertinent to defendant's conviction. The hearing court specifically found it disbelieved Duncan's hearing testimony.

We find defendant has not met his burden of showing, as he must, that trial counsel's failure to investigate Duncan's possible perjury was prejudicial and deprived defendant of substantial rights. *Cook v. State*, 511 S.W.2d 877[9, 10] (Mo. App.1974).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.